IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                                     ) | |
|               Plaintiff,     ) | |
|                                     ) | |
| v.     ) | No.  08-10115-01-WEB |
|                                     ) | |
| VANCE G. BRADSHAW,     ) | |
|                                     ) | |
|              Defendant.     ) | |

**Memorandum and Order**

This matter is before the court on the defendant's motion for judgment of acquittal or for new trial. Doc. 37. The United States has filed its response. Doc. 38. The court concludes that oral argument would not assist in deciding the motion. For the reasons stated below, the motion will be denied.

I. ***Background***.

Defendant Vance Bradshaw was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. 10. The evidence at trial, viewed in the light most favorable to the Government, showed that on April 28, 2008, the defendant entered the Intrust Bank, an FDIC-insured institution, and approached a bank teller. As luck would have it, this was the teller's first day working at a station by himself. The defendant was carrying a backpack. Without saying anything, the defendant slid a note across the counter which said, "Take all the money from the till and place it on the counter." The teller had difficulty reading the note at first and looked back at the defendant. The defendant said nothing, but gestured toward the note. The teller again looked at the note and saw what it said. He saw the backpack and was concerned that the

defendant might have a gun or a bomb.  The teller was in fear of bodily injury.  The teller produced all of the $20 and $10 bills from his top drawer and put them on the counter.  The defendant took the money and put it in the backpack.  As the teller was reaching down to get some "bait bills" and mutilated money from his drawer, the defendant said something to the effect of, "Don't you dare touch anything else."[1]  After putting over $1,200 in the backpack, the defendant walked out of the bank.

Police subsequently found the backpack in a dumpster near the bank.  They found other items with the backpack, including a ski mask and a Daisy brand CO2-powered BB gun.  Evidence at trial showed the defendant had purchased this BB gun a week or two before the robbery.  After the defendant was arrested and was shown a picture from the robbery, he admitted to officers that the individual in the photo was him.

Among other things, the defense argued at trial that the taking of the money was not "by intimidation" within the meaning of 18 U.S.C. § 2113(a).  The jury found the defendant guilty of the offense.

II. *Summary of Defendant's Motion*.

Defendant's motion states that he "relies upon the arguments made prior to the commencement of trial and during trial and renews his objection to the introduction of the BB gun as evidence and his request to present to the jury his position that he committed a bank theft,

---

[1] At trial the defense argued that a video recording of the encounter refuted the testimony of the teller that the defendant made such a statement.  The jury could reasonably find, however, that the video recording was incomplete and that the teller's testimony was credible.

not a bank robbery." Doc. 37 at 2.[2] He also argues the evidence was insufficient to sustain the guilty verdict. *Id*. Defendant requests that the court grant a judgment of acquittal or a new trial.

III. *<u>Discussion</u>*.

A. *Motion for Judgment of Acquittal*. Under Rule 29, the court must grant a motion for judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction. Fed.R.Crim.P. 29(a). In addressing such a claim, the court must look at the evidence in the light most favorable to the Government and must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under § 2113(a), the Government was required to prove that the taking was by means of force or violence or by intimidation. "Intimidation" refers to acts or statements by a defendant done in such a way that a reasonable person would be fearful of bodily harm. *See United States v. Lajoie*, 942 F.2d 699, 701, n. 5 (10th Cir. 1991) (intimidation includes an act by the defendant that is reasonably calculated to put another in fear). Tenth Circuit case law says the court looks to three factors when examining whether there is sufficient evidence of intimidation: (1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of death or injury. *United States v. Mitchell*, 113 F.3d 1528, 1531 (10th Cir. 1997). The evidence here would allow a jury to find beyond a reasonable doubt that the taking was by means of intimidation. The defendant failed to speak to the teller at the outset of the transaction. Instead, he slipped a note across the counter.

---

[2] Prior to trial, the defendant filed a motion in limine to exclude evidence of the BB gun, arguing the evidence was irrelevant because the defendant never displayed or claimed to have a gun, and the teller never saw a gun. The court denied the motion.

The note appeared to demand – not request – that the teller "take the money from the till" and place it on the counter. The defendant carried a backpack, with unknown contents. The defendant's actions belied any thought that he was merely attempting to engage in a legitimate banking transaction. The circumstances of the exchange and the tenor of the note could reasonably lead a teller to believe that bodily harm would result if he failed to comply. *See e.g., United States v. Burnley*, 533 F.3d 901, 904 (7th Cir. 2008) (demanding that a teller fill a bag with money and not put any dye packs in was sufficient; the teller "understood from the words and context that these were not polite requests that could be ignored"). After the teller produced a large amount of cash from the drawer, the defendant took it and put it in the backpack. At one point, according to the teller, the defendant made a statement ("Don't you dare") that could reasonably be construed as an implied threat of violence. When judged against the background of ordinary experience, all of these circumstances would combine to put a reasonable person in fear of bodily harm. *See United States v. Smith*, 10 F.3d 724, 729 (10th Cir.1993) ("A stranger's urgent demand for money typically would create a situation in a banking institution that appears dangerous and would justify bank personnel in fearing for their lives."); *United States v. Slater*, 692 F.2d 107 (10th Cir. 1982)[3] (sufficient evidence of intimidation where defendant entered bank, walked behind counter and began to remove cash, and told manager who asked what he was doing to "shut up"); *United States v. Henson*, 945 F.2d 430, 439 (1st Cir. 1991) (note demanding money was sufficient); *United States v. Robinson*, 527 F.2d 1170, 1171(6th Cir. 1975) (defendant in leather coat made no explicit threats, but told teller, "Give me all your

---

[3] *Slater* is no longer good law insofar as it held that bank larceny was a lesser included offense of bank robbery. *See Carter v. United States*, 530 U.S. 255 (2000).

money" and slid pouch across counter).  The defendant's apparent calmness and quiet during this transaction and the absence of any express threat of harm do not preclude a finding of intimidation.  A jury could reasonably conclude that the defendant's action were calculated to produce fear in the teller and thereby prompt the teller to give him money.  As Judge Seth noted in *Slater*, "a jury could conclude on these facts that the person intended and relied upon the surprise and fear of the bank personnel in order to carry out the crime with the cool deliberation that this method showed." *Id*. at 109.  Moreover, a jury could reasonably consider "the context of an incident of this kind where a weapon and a willingness to use it are not uncommon," regardless of the fact that no weapon was referred to or displayed.  *Id*.  In sum, the situation would have appeared dangerous to a reasonable person; the defendant's actions indicate an intent to intimidate the teller; and the teller's fear of bodily harm was reasonable under the circumstances.  The evidence was sufficient to support the element of intimidation.

     B.  *Motion for New Trial*.  Rule 33 provides in part that upon a defendant's motion the court may grant a new trial "if the interest of justice so requires."  A motion for a new trial is not regarded with favor and is only issued with great caution.  *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir.1998).

     Defendant's motion for new trial refers to two evidentiary rulings by the court.  The first was the court's decision to admit evidence of the Daisy BB gun found in the dumpster.  Defendant has not shown that the admission of this evidence was error.  Even though there was no direct evidence that the defendant possessed the gun when he was in the bank, circumstantial evidence would allow the jury to infer that such was the case, and the jury was entitled to consider this fact in evaluating the defendant's actions and intent during the incident.  Moreover,

evidence of the gun's presence in the dumpster and the defendant's recent purchase of it tended to prove that the defendant was in fact the person who committed the robbery, which was an essential element of the offense.

Defendant's second evidentiary argument complains that he was "not able to make any reference before the jury explaining the difference between bank theft and bank robbery...." Doc. 37 at 1.  Inasmuch as the Supreme Court held in *Carter v. United States*, 530 U.S. 255 (2000) that bank larceny is not a lesser included offense of bank robbery, the defendant was not entitled to an instruction on the offense of bank larceny.  And arguments to the jury about the elements of bank larceny likely would have injected confusion about the actual crime charged and the elements of bank robbery.  Again, defendant has not shown error in the court's ruling, nor has he demonstrated that these rulings likely had any effect on the jury's verdict.  The court finds no basis for granting a new trial.

  IV.  ***Conclusion***.

Defendant's Motion for Judgment of Acquittal or New Trial (Doc. 37) is DENIED.  IT IS SO ORDERED this   23rd   Day of October, 2008, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge