IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 08-10115-01-WEB |
| VANCE G. BRADSHAW, | ) ) ) | |
| Defendant. | ) ) ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report and for sentencing. The court orally denied the objection at the sentencing hearing of November 3, 2008. This written memorandum will supplement the court's oral ruling.

I. *Objection to PSR*.

Defendant argues that he should receive a 2-level reduction for acceptance of responsibility under USSG § 3E1.1. Although the defendant pleaded not guilty and went to trial, he argues that he admitted (through counsel) that he took the money, and he says the only issue at trial was whether his acts amounted to intimidation. Defendant points out that the Guidelines do not preclude a reduction for a defendant who goes to trial, and he argues that he only went to trial to contest whether the actions which he admitted amounted to intimidation.

The Government opposes a reduction, arguing the defendant put the Government to its burden of proof at trial by denying the essential factual elements of guilt. The Government also argues the defendant has made a broad challenge to the sufficiency of the evidence and therefore does not merit the reduction. *Citing United States v. Patterson*, 472 F.3d 767 (10th Cir. 2006).

The reduction in §3E1.1 is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.  USSG § 3E1.1, comment. (n. 2).  Conviction by trial does not necessarily preclude the reduction, however.  In "rare circumstances" a defendant may clearly demonstrate acceptance of responsibility even though he exercises his right to trial.  This may occur, for example, where a defendant goes to trial to preserve issues that do not relate to factual guilt, including where a defendant merely challenges the applicability of a statute to his conduct.  In such a case, the determination regarding acceptance of responsibility will be based primarily upon pre-trial statements and conduct.

The court finds the defendant is not entitled to a reduction for acceptance of responsibility.  The defendant put the Government to its burden of proof at trial by denying the factual elements of guilt – including the element of whether he engaged in any acts of intimidation.  For example, the defendant challenged at trial whether or not told the teller, "Don't you dare touch anything else," as claimed by the teller, and also challenged other aspects of the teller's description of his actions.  The defendant did not go to trial merely to preserve a legal issue.  Under the circumstances, the defendant has not shown that he is entitled to a reduction for acceptance of responsibility.  *See United States v. Smith*, 1 F.3d 1243 (Table), 1993 WL 303359 (1st Cir. 1993) (defendant who admitted bank larceny but went to trial on intimidation issue was not entitled to reduction for acceptance).  The court further notes that the defendant did not voluntarily terminate his criminal conduct in this instance, he did not turn himself in, and he did not voluntarily return the money he took.  Under the circumstances, the objection is denied.

II.  *Conclusion*.

The defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this   3rd    Day of November, 2008, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge